*Bush, for appellant.*

*James, for appellee.*

## B. F. DOTY *v.* JOHN BENCE'S HEIRS.

.Judgment—Possession of Land Under Judgment Reversed—Rule for Restitution.

The proceedings by rule or motion for restitution of money or property obtained under the direct operation of a judgment which has

been reversed is well known to courts of law and is equally allowable in courts of equity. The chancellor has the power to remedy the injustice which may have been done under his own orders when vacated by an appellate tribunal. The order for restitution cannot be resisted on the grounds of any equity thus disposed of by the dismissal of the bill.

### APPEAL FROM LEWIS CIRCUIT COURT.

November 3, 1871.

Opinion by Judge Pryor:

This court, in an opinion heretofore rendered in this case, directed the court below to dismiss the cross-petition of the appellees, and in that opinion adjudged that if the appellees were entitled to the land in controversy, *their appropriate remedy was by a separate action.*

The court below had, however, adjudged that the land in dispute belonged to the appellees and awarded them a writ of possession, and under that judgment the appellant had surrendered the land to the appellees. The court below, in accordance with the opinion by this court, dismissed the cross-petition of the appellees, but this dismissal left them in possession of the land surrendered to them by the appellant under the judgment that had been reversed.

The appellants upon the return of the case to the court below in order to regain the possession obtained a rule against the appellees for a restitution of the possession of the land. The appellees responded to the rule, and alleged as a reason for refusing to restore the possession the same facts as set forth in their cross-petition that had already been dismissed by the court below in obedience to the mandate of this court. The court below should have disregarded the response to the petition and returned to the appellant the possession. The remedy for the appellees, if they owned the land, had been pointed out by this court, and it was expressly decided in the opinion rendered that they could not prosecute their claim against the appellant in this proceeding.

They had obtained the possession under a judgment that has been reversed, and it was proper and right that by a rule of the court this possession should be returned by them.

This view of the question presented is sustained by reported adjudications of this court in the case of *Morgan v. Hart,* 9 B. *Monroe,* page 80, where the following language is used by the court: "The proceeding by rule or motion for restitution of money or property obtained under the direct operation of a judgment which has been reversed is well known in courts of law, and we have no doubt it is equally allowable in a court of equity. The chancellor has the power to remedy the injustice which may have been done under his own orders when vacated by an appellate tribunal."

We are satisfied that when the decree of reversal extends, as it did in this case, to a new trial of the bill for want of equity in the demand set up or for want of jurisdiction in the court.

The order for restitution can not be resisted on the ground of any equity thus disposed of by the dismissal of the bill, and if there be any equitable reason for not coercing the order or decree for restitution it should be made available as a ground for enforcing, and not for preventing or modifying the order of restitution.

This opinion is sanctioned and approved in the case of *Watson v. Avery,* 3 Bush 643. In the case of *Castleman v. Comb,* 7 Monroe, page 277, that where a decree is rendered in the court below in the cross-action by which a party is placed in possession and reversed here the party ousted by the judgment should have restitution.

The appellees are now insisting after they have thus obtained the possession of the land, that appellant should be compelled to resort to his action of ejectment in order to regain the possession. It may be that appellants own the land, but if permitted to assert their right under a response to the rule for restitution, there was no necessity for any such action in the court as to the dismissal of the cross-petition.

It was the duty of the appellee to have surrendered the possession and then if they desired to bring their action as suggested by this court in the former opinion rendered.

The judgment of the court below discharging the rule is reversed and the cause remanded with directions to the court below to award restitution.

*Doty, McKee, Cord, for appellant.*
*Phister, for appellees.*